Nott, J.
In a case of this nature, I am not disposed to say more than is sufficient to justify the opinion I am about to give. I think the law was fairly stated, and the facts fairly submitted to the jury by the presiding judge, and I do not see any good ground to set aside the verdict. The only grounds relied upon for a new trial, which appear to be entitled to consideration, are; 1st, That it is paying too much regard to the testimony of a child of nine years old, to suffer that alone to deprive a man of his life : 2d, Admitting it to be true, the act was not so far accomplished as to constitute the of-fence for which the defendant is indicted.
With regard to the first point, it belonged to the jury to judge whether she was of sufficient character and discretion to deserve credit. And unless such evidence is to be considered sufficient, no person can ever be convicted of this offence; for the patient is the only person by whom it is to be expected that the person can be identified. The commission of the fact on so young a subject, is in a great measure susceptible of proof from other circumstances. And in the present case, the testimony of the child is strongly corroborated by circumstances, both as it relate s to the person and the fact.
First, with regard to the person, her saying it *358 was a barber’s shop ; pointing out the defendant at once as the man; the description of the closet where the offence was committed, which she could not have known, if she had not been there ; — the disease be- . f0Und on him which had been communicated to her, and the consistency of her story, so often related, are circumstances which could hardly have conspired to support a fabricated tale.
With regard to the fact, the corroborating circumstances are equally strong. That an unlawful connection was attempted may be inferred from the disease which she contracted; for, although it is admitted that the infection may be communicated without carnal intercourse, yet, such a thing is not to be presumed : and when this fact is relied on only as a circumstance to strengthen her testimony, it cannot fail to have that effect. The lameness which •was immediately observed by the mother, and the stains upon her clothes, although not absolutely conclusive, are certainly strong corroborating circumstances. I am, therefore, satisfied with the verdict.
With regard to the witness, who pretended he was in company with the defendant at the time the transaction is said to have taken place, and the other testimony relied upon to weaken the evidence on the part of the prosecution, it belonged to the jury to decide; and I do not feel authorised to say they have not decided correctly.
But 2dly, It is said that the act was not so com - *359 ijleted as to constitute the offence, and that there could not have been a sufficient penetration. It is laid down by all writers on criminal law, that the . . . least penetration is sufficient. The child herself has proved there was some penetration. The doctora all concur that some penetration may be effected on a subject as small as this, — and if it might be, the lameness affords a presumption that sufficient force was used for ’ that purpose. The marks upon hex* clothes strengthen the presumption, that it actually did' take place. In Rimin'*s case, 1 East, 438. it is said, the passage was so narrow that a finger could not be introduced; yet the fact was left to a jury, who found the defendant guilty. All the judges held, that it was properly referred to the jury, and refused to set aside the verdict. I presume, that, in that case, the penetration was no greater than in this, and that the facts ought to have been, as they were, left to a jury.
With regard to the other ingredient, which it is contended is necessary to constitute this offence, (if it is necessary, of which I have strong doubts,) I think that also properly left to the jury. But, finally, if the facts as proved are true, the moral guilt of the defendant is sufficiently established ; and the jury having thought it legally proved, I am not disposed to look with eagle’s eyes to see if I cannot, by some legal subtlety, rescue him from the punishment he so justly deserves.
Colcock, Brevard, and Bay, Justices, concurred.